UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY EVANS,<br>      Plaintiff,<br>    v.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br>      Defendants. | Case No. 17-cv-06750-JST (PR)<br><br>**ORDER OF DISMISSAL** |

# INTRODUCTION

Plaintiff, a California inmate incarcerated at the California Healthcare Facility in Stockton, California, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that officers at his prior place of imprisonment, Salinas Valley State Prison, violated his constitutional rights when they lost his property during various prison transfers. ECF No. 1. He attributes the loss to correctional officers' negligence in not properly packing, inventorying, or storing his possessions. Id. at 3. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

# DISCUSSION

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See <u>Balistreri v. Pacifica Police</u>

1 Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

2 Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. See Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978). However, negligent acts causing the loss of a prisoner's property do not state a due process claim. Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Nor does the intentional deprivation of a prisoner's property state a due process claim if the deprivation was random and unauthorized, rather than done pursuant to established state procedure. Hudson v. Palmer, 468 U.S. 517, 532-33 (1984) (unauthorized intentional deprivation of property by a state employee does not violate due process if a meaningful post-deprivation remedy for the loss is available); see also Zinermon v. Burch, 494 U.S. 113, 128-29 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation, statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). Plaintiff's allegations regarding the apparent loss of his property, although regrettable, involve a

2

negligent and/or random and unauthorized deprivation, the sort of claim that is not cognizable under Section 1983. The claim will therefore be dismissed.

Plaintiff's claims involving the alleged mishandling of his inmate appeals about the lost property must also be dismissed. There is no constitutional right to a prison administrative appeal or grievance system in California, and therefore no due process liability for failing to process or decide an inmate appeal properly. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

## CONCLUSION

For the foregoing reasons, this action is DISMISSED. Leave to amend will not be granted because amendment would be futile. However, dismissal is without prejudice to plaintiff filing an action in state court.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: March 28, 2018

_____
JON S. TIGAR
United States District Judge